1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

WESTERN DISTRICT OF WASHINGTON

10

SEATTLE DIVISION

11

12

SECURITIES AND EXCHANGE
COMMISSION,

CASE NO. 22-cv-01388

13

Plaintiff,

**CONSENT OF DEFENDANT
DAVID FERRARO**

14

v.

15

JUSTIN COSTELLO and
DAVID FERRARO

16

17

Defendants.

18

    1.    Defendant David Ferraro ("Defendant") waives service of a summons and the

19

complaint in this action, enters a general appearance, and admits the Court's jurisdiction over

20

Defendant and over the subject matter of this action.

21

    2.    Without admitting or denying the allegations of the complaint (except as provided

22

herein in paragraph 11 and except as to personal and subject matter jurisdiction, which

23

24

CONSENT OF DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

1    Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached

2    hereto (the "Judgment") and incorporated by reference herein, which, among other things:

3              (a)      permanently restrains and enjoins Defendant from violation of Section

4                       17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §

5                       77q(a)] and Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] (the

6                       "Exchange Act") and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

7              (b)      orders Defendant to pay disgorgement in the amount of $142,724.97, plus

8                       prejudgment interest thereon in the amount of $11,704.92; and

9              (c)      permanently bars Defendant from participating in any offering of a penny

10                      stock, pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)]

11                      and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)],

12                      including engaging in activities with a broker, dealer, or issuer for

13                      purposes of issuing, trading, or inducing or attempting to induce the

14                      purchase or sale of any penny stock.

15          3.       Defendant acknowledges that the Court is not imposing a civil penalty based on

16   Defendant's sworn representations in Defendant's Statement of Financial Condition dated March

17   20, 2023, and other documents and information submitted to the Commission.  Defendant further

18   consents that if at any time following the entry of the Final Judgment the Commission obtains

19   information indicating that Defendant's representations to the Commission concerning

20   Defendant's assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or

21   incomplete in any material respect as of the time such representations were made, the

22   Commission may, at its sole discretion and without prior notice to Defendant, petition the Court

23   for an order requiring Defendant to pay the maximum civil penalty allowable under the law.  In

24   connection with any such petition, the only issue shall be whether the financial information

2

CONSENT OF DEFENDANT DAVID FERRARO
SEC V. COSTELLO ET AL. (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

1   provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material

2   respect as of the time such representations were made.  In any such petition, the Commission

3   may move the Court to consider all available remedies, including but not limited to ordering

4   Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt

5   of the Court's Final Judgment.  The Commission may also request additional discovery.

6   Defendant may not, by way of defense to such petition:  (1) challenge the validity of this Consent

7   or the Final Judgment; (2) contest the allegations in the complaint; (3) assert that payment of a

8   civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty

9   allowable under the law; or (5) assert any defense to liability or remedy, including but not

10  limited to any statute of limitations defense.

11          4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to

12  Rule 52 of the Federal Rules of Civil Procedure.

13          5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of

14  the Final Judgment.

15          6.      Defendant enters into this Consent voluntarily and represents that no threats,

16  offers, promises, or inducements of any kind have been made by the Commission or any

17  member, officer, employee, agent, or representative of the Commission to induce Defendant to

18  enter into this Consent.

19          7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment

20  with the same force and effect as if fully set forth therein.

21          8.      Defendant will not oppose the enforcement of the Final Judgment on the ground,

22  if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

23  hereby waives any objection based thereon.

24

CONSENT OF DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

3

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

1          9.      Defendant waives service of the Final Judgment and agrees that entry of the Final

2   Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

3   of its terms and conditions.  Defendant further agrees to provide counsel for the Commission,

4   within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit

5   or declaration stating that Defendant has received and read a copy of the Final Judgment.

6          10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

7   against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

8   representation has been made by the Commission or any member, officer, employee, agent, or

9   representative of the Commission with regard to any criminal liability that may have arisen or

10  may arise from the facts underlying this action or immunity from any such criminal liability.

11  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

12  including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges

13  that the Court's entry of a permanent injunction may have collateral consequences under federal

14  or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

15  other regulatory organizations.  Such collateral consequences include, but are not limited to, a

16  statutory disqualification with respect to membership or participation in, or association with a

17  member of, a self-regulatory organization.  This statutory disqualification has consequences that

18  are separate from any sanction imposed in an administrative proceeding.  In addition, in any

19  disciplinary proceeding before the Commission based on the entry of the injunction in this

20  action, Defendant understands that he shall not be permitted to contest the factual allegations of

21  the complaint in this action.

22         11.     Defendant understands and agrees to comply with the terms of 17 C.F.R.

23  § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

24  or respondent to consent to a judgment or order that imposes a sanction while denying the

4

CONSENT OF DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

1    allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

2    equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

3    the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e),

4    Defendant: (i) will not take any action or make or permit to be made any public statement

5    denying, directly or indirectly, any allegation in the complaint or creating the impression that the

6    complaint is without factual basis; (ii) will not make or permit to be made any public statement

7    to the effect that Defendant does not admit the allegations of the complaint, or that this Consent

8    contains no admission of the allegations, without also stating that Defendant does not deny the

9    allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in

10   this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely

11   for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11

12   U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for

13   disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the

14   Final Judgment or any other judgment, order, consent order, decree or settlement agreement

15   entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

16   securities laws or any regulation or order issued under such laws, as set forth in Section

17   523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this

18   agreement, the Commission may petition the Court to vacate the Final Judgment and restore this

19   action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial

20   obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings

21   in which the Commission is not a party.

22          12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

23   Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

24   seek from the United States, or any agency, or any official of the United States acting in his or

5

CONSENT OF DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

1   her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

2   expenses, or costs expended by Defendant to defend against this action.  For these purposes,

3   Defendant agrees that Defendant is not the prevailing party in this action since the parties have

4   reached a good faith settlement.

5         13.     In connection with this action and any related judicial or administrative

6   proceeding or investigation commenced by the Commission or to which the Commission is a

7   party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and

8   places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile

9   transmission of notices or subpoenas issued by the Commission for documents or testimony at

10  depositions, hearings, or trials, or in connection with any related investigation by Commission

11  staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices

12  and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on

13  service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local

14  rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and

15  subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to

16  personal jurisdiction over Defendant in any United States District Court for purposes of

17  enforcing any such subpoena.

18        14.     Defendant agrees that the Commission may present the Final Judgment to the

19  Court for signature and entry without further notice.

20

21

22

23

24

CONSENT OF DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

1    15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

2    purpose of enforcing the terms of the Final Judgment.

3

4    Dated: 4/25/2023                                      _____
                                                            David Ferraro

5
     On April 25th , 2023, David Ferraro, a person known to me, personally appeared
6    before me and acknowledged executing the foregoing Consent.

7
     ┌─────────────────────────────────────┐
     │         DUNCAN HALL                  │
     │       NOTARY PUBLIC                  │        _____
8    │  Commonwealth of Virginia            │        Notary Public
     │       Reg. #7653254                  │        Commission expires: 3/31/2027
     │ My Commission Expires 3/31/2027      │
9    └─────────────────────────────────────┘

10   Approved as to form:

11

12   Jeffrey L. Cox, Esq.
     Sallah Astarita & Cox, LLC
13   3010 North Military Trail, Suite 210
     Boca Raton, Florida 33431
14   (561) 989-9080

15

16

17

18

19

20

21

22

23

24
                                                    7
     CONSENT OF DEFENDANT DAVID FERRARO               Securities and Exchange Commission
     SEC V. COSTELLO ET AL. (NO. 22-CV-01388)                     100 Pearl Street, Suite 20-100
                                                                  New York, NY 10004-2616
                                                                  (212) 336-1100