The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

# SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>JUSTIN COSTELLO and<br>DAVID FERRARO<br><br>　　　　　　　　　Defendants. | CASE NO. 22-cv-01388<br><br>**FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO** |

The Securities and Exchange Commission having filed a Complaint and Defendant David Ferraro having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

2

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $142,724.97, representing net profits gained as a result of the conduct

3

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

alleged in the Complaint, together with prejudgment interest thereon in the amount of $11,704.92, for a total of $154,429.89.  The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles.  Defendant shall satisfy this obligation by paying $154,429.89 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Based on Defendant's sworn representations in his Statement of Financial Condition dated March 20, 2023, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty.  The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not

4

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.  Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ferraro as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

5

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

1    The Commission may enforce the Court's judgment for disgorgement and prejudgment
2    interest by using all collection procedures authorized by law, including, but not limited to,
3    moving for civil contempt at any time after 30 days following entry of this Final Judgment.
4    Defendant shall pay post judgment interest on any amounts due after 30 days of the entry
5    of this Final Judgment pursuant to 28 U.S.C. § 1961.

6                                            V.

7    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is
8    incorporated herein with the same force and effect as if fully set forth herein, and that Defendant
9    shall comply with all of the undertakings and agreements set forth therein.

10                                           VI.

11   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of
12   exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the
13   allegations in the complaint are true and admitted by Defendant, and further, any debt for
14   disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this
15   Final Judgment or any other judgment, order, consent order, decree or settlement agreement
16   entered in connection with this proceeding, is a debt for the violation by Defendant of the federal
17   securities laws or any regulation or order issued under such laws, as set forth in Section
18   523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

19                                           VII.

20   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain
21   jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

22
23
24

6

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE

7

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100