1
2
3
4
5                                                    The Honorable Ricardo S. Martinez
6
7
8                  **UNITED STATES DISTRICT COURT**
9                 **WESTERN DISTRICT OF WASHINGTON**
10                          **SEATTLE DIVISION**
11

12   SECURITIES AND EXCHANGE          CASE NO. 22-cv-01388
     COMMISSION,
13                                    **FINAL JUDGMENT AS TO**
                            Plaintiff,   **DEFENDANT DAVID FERRARO**
14        v.
15   JUSTIN COSTELLO and
     DAVID FERRARO
16
17                          Defendants.
18

19        The Securities and Exchange Commission having filed a Complaint and Defendant David

20   Ferraro having entered a general appearance; consented to the Court's jurisdiction over

21   Defendant and the subject matter of this action; consented to entry of this Final Judgment

22   without admitting or denying the allegations of the Complaint (except as to jurisdiction and

23   except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of

24   law; and waived any right to appeal from this Final Judgment:

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact

           or any omission of a material fact necessary in order to make the statements

           made, in light of the circumstances under which they were made, not misleading;

           or

    (c)    to engage in any transaction, practice, or course of business which operates or

           would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently barred from participating in an offering of penny stock, including engaging in

activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or

attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity

security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the

Exchange Act [17 C.F.R. § 240.3a51-1].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $142,724.97, representing net profits gained as a result of the conduct

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

1   alleged in the Complaint, together with prejudgment interest thereon in the amount of

2   $11,704.92, for a total of $154,429.89.  The Court finds that sending the disgorged funds to the

3   United States Treasury, as ordered below, is consistent with equitable principles.  Defendant

4   shall satisfy this obligation by paying $154,429.89 to the Securities and Exchange Commission

5   within 30 days after entry of this Final Judgment.

6          Based on Defendant's sworn representations in his Statement of Financial Condition

7   dated March 20, 2023, and other documents and information submitted to the Commission,

8   however, the Court is not ordering Defendant to pay a civil penalty.  The determination not to

9   impose a civil penalty is contingent upon the accuracy and completeness of Defendant's

10  Statement of Financial Condition.  If at any time following the entry of this Final Judgment the

11  Commission obtains information indicating that Defendant's representations to the Commission

12  concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or

13  incomplete in any material respect as of the time such representations were made, the

14  Commission may, at its sole discretion and without prior notice to Defendant, petition the Court

15  for an order requiring Defendant to pay the maximum civil penalty allowable under the law.  In

16  connection with any such petition, the only issue shall be whether the financial information

17  provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material

18  respect as of the time such representations were made.  In its petition, the Commission may

19  move this Court to consider all available remedies, including, but not limited to, ordering

20  Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt

21  of this Final Judgment.  The Commission may also request additional discovery.  Defendant may

22  not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final

23  Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that

24  payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not

4

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.  Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ferraro as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

1    The Commission may enforce the Court's judgment for disgorgement and prejudgment

2    interest by using all collection procedures authorized by law, including, but not limited to,

3    moving for civil contempt at any time after 30 days following entry of this Final Judgment.

4    Defendant shall pay post judgment interest on any amounts due after 30 days of the entry

5    of this Final Judgment  pursuant to 28 U.S.C. § 1961.

6                                              V.

7    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

8    incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

9    shall comply with all of the undertakings and agreements set forth therein.

10                                             VI.

11    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

12    exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

13    allegations in the complaint are true and admitted by Defendant, and further, any debt for

14    disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

15    Final Judgment or any other judgment, order, consent order, decree or settlement agreement

16    entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

17    securities laws or any regulation or order issued under such laws, as set forth in Section

18    523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

19                                             VII.

20    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

21    jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

22

23

24

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

DATED this 11th day of July, 2023.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT AS TO DEFENDANT DAVID FERRARO
*SEC V. COSTELLO ET AL.* (NO. 22-CV-01388)

Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100