UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>  v.<br><br>JUSTIN COSTELLO,<br><br>               Defendant. | CASE NO. 2:22-cv-01388-RSM<br><br>**ORDER REGARDING SECOND SETTLEMENT CONFERENCE** |

This case has been referred for a settlement conference before the Honorable Grady J. Leupold, United States Magistrate Judge. Dkt. 24. On October 7, 2024, the Court issued an Order scheduling a settlement conference for November 18, 2024. *See* Dkt. 25. However, Defendant Costello was unable to appear at the November 18, 2024, settlement conference and, thus, the parties did not reach a final resolution. Subsequently, the Court has communicated with Plaintiff Securities and Exchange Commission ("SEC") and officials at Defendant's current place of confinement, the Bureau of Prisons' Federal Correctional Complex in Lompoc, California ("FCC-Lompoc"), both of whom have agreed to the proposed arrangements for a further settlement conference with the undersigned.

Accordingly, **IT IS HEREBY ORDERED**:

**I.     Participation of Parties**

All parties and their counsel are hereby **DIRECTED** to appear on:

**January 16, 2025**

**before United States Magistrate Judge Grady J. Leupold**

**via Zoom**

**Defendant Justin Costello and counsel for Plaintiff SEC are required to personally attend the conference.**

**The Settlement Conference is scheduled to start at 9:00 a.m. PST and to end no later than 1:00 p.m. PST**. Personal attendance is required for the entire duration of the settlement conference.

Recognizing that Defendant Costello (No. 25564-510) is currently incarcerated and proceeding *pro se*, the Court **DIRECTS** officials at FCC-Lompoc to make Defendant available for this Settlement Conference. Per agreement of the parties, **the points of contact for Defendant at FCC-Lompoc are Counselors Flores and Gellene**. Should Defendant's address or point of contact change prior to the Settlement Conference, Plaintiff's counsel shall inform the Court forthwith.

**II.    Format**

Consideration of settlement is a serious matter that requires thorough preparation prior to the Settlement Conference. Set forth below are the procedures the Court requires the parties to follow and the procedures the Court will employ in conducting the Conference. The parties shall note the abbreviated format due to the previous, attempted settlement conference of November 20, 2024.

1. **Submission of Updated Confidential Settlement Letters**

No later than ten (10) days prior to the Settlement Conference (on or before **January 6, 2025**), each party may submit a confidential letter. *To facilitate a potential settlement, and recognizing Defendant is currently incarcerated and proceeding pro se, Defendant is not required to submit a confidential letter, but may, if he so wishes*. Do not file copies of these letters on the Court docket and do not serve these letters on the opposing party. The letter shall include the case number and case name and shall be emailed to Judge Leupold at kelly_miller@wawd.uscourts.gov. The email subject line shall read: "Confidential [name of party] v. [name of party], case number, [Plaintiff's/Defendant's] Settlement Letter." Do not mail hard copies of the letter to Chambers.

The confidential settlement letters shall not exceed **ten (10) pages** in length and shall set forth the following:

- The name and title of the client who will be present throughout the conference and who will be authorized to enter into a settlement agreement, and the names and titles of any other persons who will attend the conference;

- A brief analysis of the key issues involved in the litigation, including the party's claims and defenses and the applicable statutory or other bases upon which the claims or defenses are supported;

- A candid description of the strongest and weakest points in **each** party's case, both legal and factual (key exhibits, expert reports, or extracts of deposition transcripts may be attached);

- Itemization of damages, fees, and costs to date, and an estimated amount of fees, time, and costs to be expended through the conclusion of trial;

- Reference (by docket number) to any motions, pending or otherwise, that are significant in the case or would have a material impact on settlement, for the Court to review prior to the conference;

- The major obstacles to settlement as perceived by each party; and

ORDER REGARDING SECOND SETTLEMENT CONFERENCE - 3

- An updated settlement proposal the party believes to be fair.

**2.      Telephonic Conference**

No later than **January 9, 2025**, the Court shall schedule and complete a telephonic conference with Defendant Costello to discuss any pre-settlement matters. The Court **DIRECTS** officials at FCC-Lompoc to make Defendant available for this telephonic conference.

**3.      Confidentiality**

The Court expects the parties to address each other with courtesy and respect. The parties and counsel are encouraged to advise the Court of their pronouns and honorifics (such as Ms., Mx., or Mr.,) and may do so in signature lines or by advising the in-court deputy clerk before a hearing begins, either via email or in person.

Parties are encouraged to be frank and open in their discussions. As a result, statements made by any party during the Settlement Conference are not to be used in discovery or for any other purpose, and will not be admissible at trial. LCR 39.1; Fed. R. Evid. 408(a). Any documents submitted for the Settlement Conference will be maintained in Chambers and will be destroyed after the Conference.

**4.      Settlement Conference Format and Requirements for Virtual Conferences**

The Court will generally use a mediation format that begins with private caucusing. Opening statements by the parties are discouraged. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to re-assess their previous positions and to consider creative means for resolving the dispute.

//

//

The following guidelines and rules apply to all virtual conferences, and in particular here, to the parties' participation via Zoom:

- **Conference Access**: Defendant and counsel for Plaintiff will be provided access information to the virtual session in advance. Participants are prohibited from sharing this information with any non-participant;

- **Secure Connection**: The parties must appear via video. Participants need a strong and secure internet connection to ensure proper functioning of the video feature.

- **Prohibition on recording/relaying**: No one may audio or video record any part of the Settlement Conference. No one may transmit, broadcast, or relay the Settlement Conference to third parties.

- **Best Practices**: Log on to the scheduled Settlement Conference session at least 10 minutes in advance of the start time. When you are not speaking, please mute yourself. Please keep in mind that it may take a moment for the Court to join or exit a meeting room, and briefly pause so the Court does not inadvertently hear any conversation intended to be private.

5. **Settlement Agreement**

In anticipation of a settlement, Plaintiff's counsel shall have available at the settlement conference a copy of a draft settlement agreement in a form acceptable to them for signature by all parties. The Court will summarize the key terms of the agreement on the record. If settlement is agreed, it is the responsibility of Plaintiff's counsel to immediately report the settlement to the District Court as well as to timely memorialize the settlement.

Dated this 25th day of November, 2024.

Grady J. Leupold
United States Magistrate Judge